## C. E. FENNER v. E. BOUTTE.

ATTACHMENT.   *Validity of levy.   Forthcoming bond.   Estoppel.*

> A defendant in attachment, by executing a forthcoming bond, is estopped to deny the validity of the levy, and cannot thereafter have the same quashed on the ground that the property, when seized by the sheriff, was in *custodia legis* under a previous levy by a constable. *Jayne* v. *Dillon*, 28 Miss., 283.

FROM the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

Appellant, C. E. Fenner, sued out an attachment before a justice of the peace against appellee, E. Boutte, and caused the same to be levied by the sheriff on a horse which, at the time, was being kept for the defendant at a livery stable.   Defendant executed a forthcoming bond, which was accepted by the sheriff.   On the trial, defendant moved the court to quash the levy, on the ground that the horse, when seized by the sheriff, was already in the custody of a constable by virtue of a levy in another attachment suit against the same defendant.

It was admitted on the hearing of the motion that, several hours previous to the levy by the sheriff, the constable had entered the livery stable, and, in the presence of the proprietor, had declared that he levied on the horse, and had left it in charge of the proprietor, as custodian, the horse remaining all the while in the livery stable.   The sheriff's return on his writ of attachment, which it is agreed correctly recited the facts, shows that he went to the stable and declared, in the presence of the proprietor, that he levied on the interest of defendant in the horse, and subsequently released it to defendant on the execution of the forthcoming bond.   The circuit court, to which the case was removed on appeal, sustained the motion, and quashed the levy, and, from this judgment, plaintiff appeals.

*Thomas & Griffin*, for appellant.

By executing the bond, defendant waived any defect in the levy. *Wharton* v. *Congor*, 9 Smed. & M., 510; *Parker* v. *Dean*, 45 Miss., 408; *Spears* v. *Robinson*, 71 *Ib.*, 774.

*Skinner & Lewenthal*, for appellee.

The defendant is not estopped. The distinction between *Spears* v. *Robinson*, *supra*, and this case is that, in the former, the sheriff had really and legally made the levy. Here there had been no levy, for the sheriff had never taken possession of the horse, and no valid judgment could have been rendered against it. *Gates* v. *Flint*, 39 Miss., 365. It requires a valid levy to confer jurisdiction. A mere bond cannot do so.

COOPER, C. J., delivered the opinion of the court.

The motion to quash the levy of the writ of attachment should have been overruled. By executing the forthcoming bond the defendant admitted the validity of the levy, and is now estopped to deny it. *Walker* v. *Shotwell*, 13 Smed. & M., 544; *Jayne* v. *Dillon*, 28 Miss., 283.

If the defendant had not admitted the levy, it may be that the plaintiff in attachment, discovering that the property had been seized by the constable, would have placed his writ in the hands of that officer and thus have secured a levy.

*Judgment reversed.*